# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |
|---|---|
| In re: <br><br> DAVID GIZA, <br><br>         Debtor | Chapter 13 <br> Case No. 07-41782-HJB |
| In re: <br><br> LINDA Y. GIZA, <br><br>         Debtor | Chapter 13 <br> Case No. 09-30886-HJB |
| DAVID GIZA and <br> LINDA Y. GIZA, <br><br>         Plaintiffs <br><br> v. <br><br> AMCAP MORTGAGE, INC., <br> DEUTSCHE BANK NATIONAL TRUST <br> COMPANY, AS TRUSTEE, and <br> ONEWEST BANK, FSB, <br><br>         Defendants | Adversary Proceeding <br> No. 09-03032 |

1

## MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF JUDGMENT DATED OCTOBER 12, 2011

Before this Court is the "Plaintiffs' Motion for Reconsideration of Judgment" (the "Reconsideration Motion") filed by Plaintiffs David and Linda Giza (together the "Gizas"), through which the Gizas seek reconsideration of this Court's judgment (the "Judgment") against the Gizas and in favor of Deutsche Bank National Trust Company, Trustee under the Pooling and Servicing Agreement Series ITF Series NBAS 2006-C ("Deutche Bank). By that Judgment, dated October 12, 2011, this Court, *inter alia*, denied relief to the Gizas on their claim that Amcap Mortgage, Inc. ("Amcap"), the originator of the mortgage loan in question, violated the provisions of the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws ch. 140D, §§ 1, *et seq.* ("MCCCDA"), by failing to deliver to the Gizas the statutorily required number of disclosures at the time of the closing of the loan. The Court ruled that the Gizas, having failed to rebut the presumption of delivery created by their execution at closing of an acknowledgement of receipt of those disclosures (the "Acknowledgement"), failed to demonstrate that the required number of disclosures were not provided to them.

The Gizas complain that the Court erred by improperly rejecting as irrelevant a recent decision in this District, Cromwell v. Countrywide Home Loans, Inc. (In re Cromwell), Bankr. No. 08-15944-WCH, AP No. 09-1070, 2011 WL 4498875 (Bankr. D. Mass. Sept. 27, 2011); and, if this Court had adopted the Cromwell holding and found that the language of the Acknowledgement[1] in this case is ambiguous, the current mortgage holder Deutsche Bank, and not the Gizas, would have had the burden to prove the number of disclosures provided by

---

[1] The language of the Acknowledgement which the Gizas signed at closing ("EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL") was nearly identical to the language of the acknowledgement Cromwell (" '[t]he undersigned each acknowledge receipt of two copies of NOTICE OF RIGHT TO CANCEL' "). Cromwell, 2011 WL 4498875, at *17.

2

Amcap's closing agent. That change in the burden of persuasion, the Gizas say, would have changed the outcome of the case.

I.  FACTS AND TRAVEL OF THE CASE

The Court incorporates herein its findings of fact and conclusions of law as set forth in its Memorandum of Decision of October 12, 2011 in support of its Judgment of the same date. See Giza v. Amcap Mortgage, Inc., Bankr. Nos. 07-41782-HJB, 09-30886-HJB, AP No. 09-3032, 2011 WL 4835741 (Bankr. D. Mass. Oct. 12, 2011) ("Giza III"). Most relevant among those findings were the Court's conclusions that: (i) the Gizas, although not testifying in a knowingly false way, could not really remember what they received at the time of closing and (ii) the integrity of what they did receive was so adulterated by the handling of those papers after the closing that the Court could not find any reliability in the Gizas' claim that the current absence of required documents was evidence that those documents had never existed. See Giza III, 2011 WL 4835741, at *9 ("[T]he best characterization of [the Gizas'] testimony is that they do not know exactly what they received at the Closing, nor are they *certain* as to what happened thereafter to those documents that they did receive. All they can say with any assurance is that the documents which they have been able to locate do not appear to include all of the disclosures which they ought to have received from the Closing Agent. They cannot say with certainty that they never received those documents which they are now unable to locate.").

II.  STANDARDS FOR RECONSIDERATION

The standard which this Court should apply in determining a request for reconsideration is well-settled:

3

>A motion for reconsideration is not a vehicle for raising issues or citing authorities a party could or should have presented prior to the court's ruling. It is not a vehicle for rehashing arguments previously made or for refuting the court's prior ruling. A motion to reconsider is appropriate where the court has clearly misunderstood a party, has made a decision outside the issues presented by the parties, has made an error not of reasoning but apprehension, or where there has been a significant change in the law or the facts since the court's prior ruling. In re Grand Builders, Inc., 122 B.R. 673, 675 (Bankr. W.D .Pa.1990) (citations omitted).  Unless the movant can demonstrate 'manifest errors of fact or law' reconsideration is inappropriate; it is not a substitute for an appeal. In re Oak Brook Apartments, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991).

In re Mortg. Inv. Corp., 136 B.R. 592, 597 (Bankr. D. Mass. 1992); see also In re Wedgestone Fin. Corp., 142 B.R. 7, 8 (Bankr. D. Mass. 1992) ("To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law.").

III.    RECONSIDERATION ON THE MERITS

The Gizas present no newly discovered evidence in their Reconsideration Motion. In fact, they failed to identify the alleged ambiguity of the Acknowledgment at trial and never testified that they found it confusing.  Rather, they testified that they did not remember trying to read it.  And at the conclusion of trial, when the case was taken under advisement on Deutsche Bank's motion for partial findings, the Court offered, and the Gizas expressly declined, the opportunity for any further legal briefing. Cromwell had not by then been issued, but the Gizas could have sought an opportunity to discuss the relevance of Cromwell by briefing or otherwise at any time before the Judgment was rendered.  They failed to do so.  The only reason that Cromwell is now the subject of discussion is as a result of the Court's own due diligence.  See Giza III, 2011 WL 4835741, at *7 n.19.

And upon the Court's reexamination of its reasoning to ensure that it did not make a "manifest error of fact or law," Mortgage Inv., 136 B.R. at 597 (citations omitted), the Court

4

finds no cause for reconsideration. The determination in Giza III of which the Gizas complain is contained in footnote 19. There, the Court opined:

> In Cromwell v. Countrywide Home Loans, Inc., et al., (In re Cromwell), Judge Hillman of this District found and ruled the language of the Acknowledgment: "'[t]he undersigned each acknowledge receipt of two copies of NOTICE OF RIGHT TO CANCEL,'" to be "ambiguous":
>
>> The placement of the word 'each' before 'acknowledge' renders the phrase susceptible to two meanings. First, that the Debtors acknowledged each received two copies as the Defendants' assert, or second, that they each acknowledged receipt of a total of two copies as the Debtors suggest.
>
> 2011 WL 4498875, at *17. Accordingly, Judge Hillman ruled that "the ambiguity must be resolved against the drafter of the Acknowledgment such that it did not create a presumption of adequate delivery of a total of four copies of the [Notice]." Id. (citing LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 7 (1st Cir.1984) ("an ambiguous contract should be construed against the drafting party"); Chelsea Indus., Inc. v. Accuray Leasing Corp., 699 F.2d 58, 61 (1st Cir.1983) ("[I]n case of doubt, an instrument is to be taken against the party that drew it"); ER Holdings, Inc. v. Norton Co., 735 F.Supp. 1094, 1100 (D.Mass.1990) ("Massachusetts law construes ambiguous contractual language against the drafter")).
>
> This Court need not reach the issue before Judge Hillman. Even if the language were ambiguous as capable of the two meanings offered in Cromwell, the Gizas cannot rely on either as a rebuttal to the presumption of delivery where they did not testify with any assurance or consistency as to what they received, where they put it or what happened to it thereafter.

Giza III, at *7 fn.19.

This Court agrees with the Gizas in two respects. First, the Court agrees that it gave the Cromwell decision too short shrift. The Court's view should have been better explained. Second, the Court agrees that if it were to hold the Acknowledgment to be ambiguous, then the presumption of delivery inferred in § 10(c) of the MCCCDA would be inappropriate.

But it does not naturally follow that, if the presumption of delivery was extinguished, the burden of production and persuasion would fall upon Deutsche Bank. The Gizas are the plaintiffs. Absent some contrary case law or statutorily-required shifting, plaintiffs ordinarily

5

have the burden of production and persuasion. Perhaps there is reason by virtue of the sophistication of lenders in general or the borrower's lack of access to resources why a lender ought to have the burden of persuasion. But to assign the burden of production on the lender would not only be profoundly unfair but would likely create chaos in the mortgage lending industry. The least that complaining borrowers should be able to do is offer some demonstrably reliable evidence that a loan disclosure violation has occurred. This the Gizas could not do at trial. They could neither remember what disclosures they received nor could they with any degree of reliability ground a violation on the closing documents that they could produce – paperwork which they had separated and stored so haphazardly after closing that even they were not sure of their original composition. Accordingly, Cromwell is irrelevant here, not because the Court necessarily disagrees with its holding, but because the Gizas could not sustain the burden of production necessary to even opt into its possible application.

IV.   CONCLUSION

For the reasons set forth herein, the Reconsideration Motion is DENIED. An order consistent with this Memorandum of Decision will issue accordingly.

DATED:  November 9, 2011                              By the Court:

                                                                                 _____
                                                                                 Henry J. Boroff
                                                                                 United States Bankruptcy Judge